IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILLIP ROTH                          :        CIVIL ACTION
                                      :
        v.                            :
                                      :
US LEC OF PENNSYLVANIA INC.           :        NO.  05-CV-4452

Norma L. Shapiro, S.J.                         September 23, 2005

<u>MEMORANDUM AND ORDER</u>

Plaintiff Phillip Roth ("Roth")  instituted this action in the Court of Common Pleas of Montgomery County, Pennsylvania, against his former employer, US LEC of Pennsylvania ("US LEC"). Roth asserted claims of breach of contract, fraud, and violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, <u>et seq.</u>, based on defendant's alleged failure to pay commissions and fraudulent misrepresentations.  On August 22, 2005, US LEC, removing the action to federal court, asserted that the court has diversity jurisdiction under 28 U.S.C. § 1332. Presently before the Court is Roth's motion to remand to state court.  The Court will deny the motion.

**I. BACKGROUND**

Roth, a citizen of Delaware, is a former employee of defendant US LEC.  Pl.'s Complaint ¶ 3.[1]  US LEC is incorporated

---

[1] On a motion to remand, the allegations in the complaint must be treated as true.   <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir.1987).

in North Carolina and has its principal place of business there.
Id. ¶ 2.   Prior to his termination, Roth worked for US LEC as a
National Account Manager at its office in Bala Cynwyd,
Pennsylvania.   Id. ¶ 3.   Roth alleges that as a National Account
Manager he earned both a base salary and commissions.   Id. ¶ 5.
His last paid commission, for December 2004, was approximately
$9,000.   Id. ¶ 10. Following his termination, Roth unsuccessfully
requested records pertinent to the calculation of the commissions
he earned in January and February 2005.   Id. ¶ 6-8.   He alleges
that he is owed commissions for those months but without records
cannot calculate precisely the amount due him.   Id. ¶ 7.   His
complaint "estimates the commissions due for January and February
2005 exceed $10,000.00."   Pl.'s Complaint ¶¶ 13, 20, 29.

        In its prayer for relief, Roth's complaint "demands
judgment against Defendant in an amount not in excess of Fifty
Thousand Dollars ($50,000.00), plus punitive and/or treble
damages, together with all collateral charges, attorneys' fees,
all court costs."   Id. at 4. Elsewhere, the complaint specifies
that Roth demands, in addition to payment of the commissions due
him, liquidated damages in the amount of 25% of the amount due,
as provided by the Pennsylvania Wage Payment and Collection Law,
43 P.S. § 261.10.  Id. ¶¶ 37-38.

    Roth's motion to remand argues that the jurisdictional
amount cannot be reached because: (1) "Plaintiff only asked for

damages not in excess of $50,000.00 and, presently, does not seek more than that amount," Pl.'s Mot. to Remand ¶ 12; (2) "relying on years of experience prosecuting thousands of cases against major automobile manufacturers," his counsel "avers that treble damages will not be awarded in the present case," Pl.'s Mot. to Remand ¶ 14; (3) his counsel asserts by way of an affidavit that "if damages exceed $50,000, any excess will be remitted back to Defendant." Pl.'s Mot. to Remand ¶ 15.

US LEC maintains that removal to federal court is proper because the complaint asks for "punitive and/or treble damages" and "collateral charges, attorneys fees, all court costs" <u>in addition to</u> the compensatory and liquidated damages capped at $50,000. Def.'s Brief in Opposition to Pl.'s Mot. to Remand at 3. US LEC also argues that Roth's post-removal assertions as to the amount in controversy are irrelevant to the determination of jurisdiction. <u>Id.</u> at 6-7.


## II. DISCUSSION

Roth moves for remand of the action to state court because the amount in controversy does not exceed $75,000, as required for federal court diversity jurisdiction. US LEC argues that the jurisdictional amount requirement has been met and the case is properly before this Court.

Any civil action filed in state court may be removed to

3

federal court if it could properly have been filed there.  28
U.S.C. § 1441.  Once an action has been removed to federal court,
remand is appropriate if the federal court lacks subject matter
jurisdiction over the dispute.  28 U.S.C. § 1447(c).  A federal
court has subject matter jurisdiction over cases in which there
is complete diversity of citizenship and the amount in
controversy exceeds $75,000 exclusive of interests and costs.  28
U.S.C. § 1332.

The parties do not dispute diversity of citizenship; the
only issue is whether the amount in controversy requirement has
been satisfied.  An action may not be remanded to state court
unless it is "apparent, to a legal certainty," that the
plaintiff's claim cannot meet the amount in controversy
requirement.  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303
U.S. 283, 288-89 (1938); see also Samuel-Bassett v. Kia Motors
America, Inc., 357 F.3d 392 (3d Cir. 2004)(applying legal
certainty standard in removal case).  The amount in controversy
is determined on the basis of plaintiff's complaint at the time
the petition for removal was filed.  Werwinski v. Ford Motor
Co., 286 F.3d 661, 666 (3d Cir. 2002).  The removal statute is
strictly construed and all doubts are resolved in favor of
remand.  Samuel-Bassett, 357 F.3d at 396.  However, the court
must measure the amount "not by the low end of an open-ended
claim, but rather by a reasonable reading of the value of the

4

rights being litigated." <u>Werwinski</u>, 286 F.3d at 666.  In addition, "[t]he court should not consider in its jurisdictional inquiry the legal sufficiency of [plaintiffs'] claims or whether the legal theory advanced by plaintiffs is probably unsound." <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578 (3d Cir. 1997).

Roth's complaint does not specify the amount he seeks in compensatory damages, but he estimates the commissions owed for January and February 2005 exceed $10,000.  Pl.'s Complaint ¶¶ 13, 20, 29.  As a basis for the calculation of damages, he avers that the last commission he received, for the month of December 2004, amounted to $9,000.  Pl.'s Complaint ¶ 10.  Taking this figure together with Roth's own estimate of damages exceeding $10,000, it is reasonable to assume that if Roth is successful he could receive compensatory damages of twice the amount of his commissions for December 2004, that is, $18,000.

If Roth's complaint contained only a breach of contract claim, he could recover no more than compensatory damages and the case would be remanded to state court for failure to reach the jurisdictional amount.  But the complaint also contains a claim under the Pennsylvania Wage Payment and Collection Law and a claim of fraud.  If successful under either of these claims, Roth could recover more than compensatory damages. In either case, it is not possible to determine to a legal certainty that his recovery would not exceed the jurisdictional amount.

Roth's prayer for relief includes a demand for punitive damages.[2]   Under Pennsylvania law, punitive damages cannot be awarded for breach of contract,  DiGregorio v. Keystone Health Plan E., 840 A.2d 361, 370 (Pa. Super. Ct. 2003), but can  be awarded for fraud.  See, e.g., McClellan v. Health Maintenance Organization of Pennsylvania, 604 A.2d 1053, 1061 (Pa. Super. Ct. 1992); Smith v. Reinhart Fort, 68 Pa. D. & C.4th 432, 440 (Pa. Com. Pl. 2004).  A court may include punitive damages in the amount in controversy unless the demand for punitive damages is patently frivolous and without foundation.  Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004).  Claims for punitive damages are per se patently frivolous and without foundation when punitive damages are not available under the state law governing the action.  Id.  Here, punitive damages are available for a fraud claim and should be included in the amount in controversy.  Punitive damages, if awarded, could increase the amount recovered by the plaintiff beyond the jurisdictional requirement.  See Golden, 382 F.3d at 355 ("[i]f appropriately made . . . a request for punitive damages will generally satisfy the amount in

---

[2]Plaintiff's complaint demands "punitive and/or treble damages," but treble damages are not available under Pennsylvania law for any of the named causes of action.  The statement of plaintiff's counsel that "relying on years of experience prosecuting thousands of cases against major automobile manufacturers, [he] believes and, therefore, avers that treble damages will not be awarded in the present case" is irrelevant. See Pl.'s Motion to Remand ¶ 14.

controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.")

Roth's claim under the Pennsylvania Wage Payment and Collection Law ("WPCL") could result in an award of liquidated damages and attorneys' fees in addition to compensatory damages. Roth's complaint demands liquidated damages in the amount of twenty-five per cent of the total commissions owed him, as provided by the WPCL.  Pl.'s Complaint ¶ 37; 43 P.S. § 260.10. If Roth is owed $18,000 in commissions, the liquidated damages available under the statute would bring the total to $22,500 before any consideration of attorneys' fees.

Roth's complaint also asks for attorneys' fees.  "Although 28 U.S.C. § 1332 excludes 'interests and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if [they] are available to successful plaintiffs under the statutory cause of action."  Suber, 104 F.3d at 585; Labenz v. Gov't Employees Ins. Co., 2002 WL 32348336 , at *2 (E.D. Pa. Mar. 15, 2002).  Here, the WPCL provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."  43 P.S. § 260.9a(f).  It is impossible to determine to a legal certainty that attorneys' fees would not exceed $52,501, which, added to

the estimated compensatory and liquidated damages, would satisfy the jurisdictional amount even if no punitive damages were awarded for fraud.

Plaintiff attempts to demonstrate that the jurisdictional amount cannot be reached by attaching to his motion to remand an affidavit by his counsel that "[i]f the remedy in this case exceeds $50,000.00, Plaintiff will remit all excess to Defendant."  Pl's Motion to Remand, "Affidavit of Counsel." Plaintiff's assertion subsequent to removal is of no legal significance.  <u>Werwinski</u>, 286 F.3d at 667.  "[A] plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor."  <u>Angus v. Shiley</u>, 989 F.2d 142, 145 (3d Cir. 1993).  The plaintiff's post-removal assertion is irrelevant to the determination of this court's jurisdiction.

**III. CONCLUSION**

Plaintiff's motion to remand to state court will be denied because it is not apparent to a legal certainty that the amount in controversy requirement has not been satisfied.

An appropriate Order follows.

8